THE RIVERVIEW CEMETERY COMPANY OF WILMINGTON, DELAWARE, a corporation of the State of Delaware, Plaintiff, v. CHARLOTTE BURCZYK, Defendant.

(*August* 8, 1958.)

Storey, J., sitting.

*William F. Lynch, II*, for the Mayor and Council of Wilmington.

*Edward W. Cooch, Jr.,* for the Levy Court of New Castle County.

*Leonard G. Hagner,* United States Attorney.

*Thomas Herlihy, Jr.,* for the plaintiff.

Superior Court for New Castle County, No. 974, Civil Action, 1952.

STOREY, J.:

The above matter comes before this Court on the following three petitions to withdraw funds from the Superior Court:

1.   The Petition of the United States.

2.   The Petition of the Levy Court of New Castle County.

3.   The Petition of the Mayor and Council of Wilmington.

The problem of the Court in this case is the determination of tax lien priorities as they exist with respect to the money in the hands of the Court.

After a careful consideration of the problems here involved, I have reached the conclusion that the case of *United States v. City of New Britain,* 347 *U. S.* 81, 74 *S. Ct.* 367, 370, 98 *L. Ed.* 520, which expounds the principle "the first in time is the first in right", when dealing with choate liens, is controlling in their solution. See also *Smith v. United States, D. C.,* 113 *F. Supp.* 702.

I do not accept the argument on behalf of the United States with respect to "liens of equal dignity". The Supreme Court recognized in the New Britain case that a city's liens for real estate taxes assessed and water rent due were choate. The principle behind this is that nothing further remained to be done to perfect them.

■ The same principle must apply to county taxes, and, therefore, the liens of the United States do not take complete priority. They are subject to the time element in filing, and must follow the pattern outlined hereinbelow.

The following facts are pertinent to the various liens involved:

1. The Mortgage to The Riverview Cemetery Company of Wilmington was executed on the 17th of November, 1949, and filed for record at 4:26 P.M. on the same date, and according to the facts set forth in the brief of the City of Wilmington, out of the proceeds of the selling price, to-wit: $17,625, the net costs amounting to $164.63, plus revenue stamps in the additional sum of $19.80, were paid, and the sum of $16,494.93, representing principal, interest and allowable counsel fees, were also paid, leaving an unexpended balance of $945.64, which was paid into Court pursuant to Order dated the 28th of July, 1953.

2. Federal Tax Lien No. 592, assessed 11 April 1949; Notice of lien filed 16 September 1950.

3. City and County taxes assessed 1 July 1950.

4. Federal Tax Lien No. 645, assessed 5 October 1950; Notice of lien field 22 March 1951.

5. Federal Tax Lien No. 644, assessed 5 October 1950; Notice of lien filed 22 March 1951.

6. City and County taxes 1951-52; Water 1953.

Applying the law as laid down in *United States v. City of New Britain, supra,* to the facts herein, the order of preference must be as hereinafter set forth.

■ The Mortgage takes priority over all Federal Tax Liens. 26 *U. S. C. A.* Section 3672(a).

■ However, all county and city taxes due take preference and priority over the mortgage by virtue of the provisions of Title 25, Section 2901, *Delaware Code of* 1953.

■ Federal Tax Lien No. 592 takes priority over all liens of city and county taxes and water rent by virtue of 26 *U. S. C. A.* Section 3671, and *United States v. City of New Britain, supra,* because the assessment dated April 11, 1949, is prior in time to the assessment of any of the city or county taxes.

■ City and county taxes, 1950, take priority over Federal Tax Liens Numbers 645 and 644, as their assessment dates are three months prior to the assessment dates of the Federal liens, and they also take priority over the mortgage, as per Title 25, Section 2901, *Delaware Code of* 1953.

■ Federal Tax Liens Numbers 645 and 644 take priority over city and county taxes for 1951-52 and over water rent for 1953, as their assessments are prior in time to the assessments of the city and county taxes and water rent for 1953.

City and county taxes for 1951-52 and water rent for 1953 do not take priority over any Federal liens, but they do take priority over the mortgage, as per Title 25, Section 2901, *Delaware Code of* 1953.

To recapitulate, the schedule of priorities is as follows:

1. Mortgage (Paid by Sheriff).

2. Costs of these proceedings.

3. Federal Tax Lien No. 592.

4. City and county taxes, 1950.

5. Federal Tax Lien No. 645.

6. Federal Tax Lien No. 644.

7. City and county taxes 1951-52; Water rent, 1953.

Based upon the above findings as to priority, the balance of $945.64, after payment of costs, should be paid out and applied on the subject liens in order of priority until the full balance is exhausted.

■ Since the sum of $945.64 obviously is not sufficient to pay city and county tax liens for 1951 and 1952 and water rent lien for 1953, the sums necessary to pay such liens in full must be disgorged by the Mortgagee, or alternately, the then Sheriff must be held liable for the deficiency.

Order will be entered accordingly on motion.